UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH J. BROWN, JR., | CASE NO. C10-5050RBL |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | Noted for September 24, 2010 |
| Defendant. | |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews v. Weber, 423 U.S. 261 (1976).  Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying an application for social security benefits.

This matter is before the court on the parties' stipulated motion to remand the matter to the administration for further consideration.  Doc. 24.  The motion states that the parties agree the matter should be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a de novo hearing and further administrative proceedings, including, but not limited to, the following actions: the ALJ will:

REPORT AND RECOMMENDATION - 1

(1) re-evaluate the medical source evidence of record, including the medical opinions of: (a) Nicholas Rajacich, M.D., including his declaration of August 14, 2007, which will be added to the record, (b) Muhammad Bilal Khan, M.D., (c) state agency medical consultants, including Ben Kuhner, M.D., and W. Hurley, M.D.; (2) re-evaluate evidence of record of Sara Huerta, ARNP; (3) re-assess plaintiff's subjective complaints and residual functional capacity; (4) obtain vocational expert testimony consistent with SSR 96-9p, as applicable, and SSR 00-4p; and (5) complete the sequential evaluation process.  Based on the parties' agreement the ALJ should not rely on prior testimony of the vocational expert and plaintiff may submit additional evidence and arguments to the ALJ on remand.

Based on the parties' agreement, the Court should remand the matter to the administrative for further consideration as noted above.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 24, 2010**, as noted in the caption.

DATED at this 10th day of September, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2